UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER TAFT et al.<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SALINAS et al.,<br><br>Defendants. | Case No.:  3:22-cv-697-RSH-DEB<br><br>**ORDER DECLINING TO STAY PROCEEDINGS AS TO DEFENDANTS OTHER THAN RED ROCK** |

On May 21, 2025, defendant Red Rock Enterprises of Utah, Inc. ("Red Rock"), filed a notice informing the Court that it has commenced voluntary bankruptcy proceedings under Chapter 11 of Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the District of Utah. ECF No. 128. Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition automatically stays a judicial action against the debtor. *See Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1081-82 (9th Cir. 2000) (en banc). "The automatic stay is self-executing" and "sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor." *Id.* However, "[a]s a general rule, 'the automatic stay of [Section 362(a)] protects only the debtor,'" not non-debtor co-defendants. *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quoting *In re Advanced Ribbons & Off. Prods.*, 125 B.R. 259, 263 (9th Cir. BAP 1991));

1  *see Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis . . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.").

"[E]ven if the automatic stay does not extend to all . . . co-defendants, the Court has inherent authority to stay this litigation in its entirety." *Beardsley v. All Am. Heating, Inc.*, No. 05-cv-1962, 2007 WL 1521225, at *2 (W.D. Wash. May 22, 2007); *J & J Sports Prods., Inc. v. Brar*, 2:09-cv-3394, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012) (same); *Zurich Am. Ins. Co. v. Trans. Cal Assocs.*, 10-cv-01957, 2011 WL 6329959, at *2 (E.D. Cal. Dec. 16, 2011) (same). Indeed, "[w]hether the entire action should be stayed under the Court's inherent authority pending the conclusion of the bankruptcy proceedings is a separate issue" from whether it should be stayed as an extension of the automatic stay under Section 362. *Rosen v. Urban Commons, LLC*, No. 20-cv-01973, 2021 WL 3264146, at *3 (C.D. Cal. July 23, 2021).

On June 5, 2025, the Court issued an order to show cause regarding whether the action should be stayed in its entirety pending the conclusion of Red Rock's bankruptcy proceedings. ECF No. 132. Defendants filed a response urging that the case be stayed as to all Parties, while Plaintiffs disagreed. ECF Nos. 137, 138. The Parties thereafter filed additional submissions. ECF Nos. 138, 139.

A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979)). The Court determines that fairness and efficiency favor declining to stay this case as to any party other then Red Rock. This case has been pending for over three years. Plaintiffs in this case allege that Red Rock is merely

1 a shell company – sandwiched between the operating entities on one hand, and the owners
2 Mr. and Mrs. Salinas on the other. Plaintiffs' claims against the operating entities, the
3 owners, and the other defendants can proceed effectively while the claims against Red
4 Rock are stayed. Additionally, the docket in Red Rock's bankruptcy case, *In re Red Rock*
5 *Enterprises, Inc.*, No. 25-22857 (Bankr. D. Utah), Dkt. No. 6, reflects that on July 9, 2025,
6 the bankruptcy court denied motion by Red Rock to enjoin this Court from proceeding with
7 this action.

        The Court declines to stay the proceedings against any party other than Red Rock. The order to show cause entered on June 5, 2025 is hereby discharged.

**IT IS SO ORDERED**.

Dated:  July 15, 2025

*/s/ Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge